# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN NELSON | CIVIL ACTION |
| VERSUS | NO: 08-4667-SSV-SS |
| ST. TAMMANY PARISH COURTS, et al | |

## REPORT AND RECOMMENDATION

Before the undersigned are the following: (1) motion of the St. Tammany Parish Sheriff's Office to dismiss; and (2) motions of the plaintiff, Kevin Nelson ("Nelson"), for entry of default and for default judgment as to International Brotherhood of Teamsters Union ("Teamsters"). The motions were referred to the undersigned. Rec. docs. 47 and 49. Nelson is proceeding in proper person. For the reasons described below it is recommended that: (1) the motion of the St. Tammany Parish Sheriff's Office to dismiss be granted; (2) Nelson's motions for entry of default and default judgment be denied; and (3) Nelson's claims against the Teamsters and Officer Emmanuel Smith be dismissed with prejudice. With the dismissal of these claims, all of Nelson's claims will be resolved and a judgment of dismissal should be entered.

## BACKGROUND

The District Judge described the background of the litigation as follows:

> This lawsuit arises of out of *pro se* plaintiff Kevin Nelson's arrest for aggravated burglary on July 25, 2007 and subsequent confinement in St. Tammany Parish Jail. Plaintiff's complaint alleges that he was held for 25 days in the St. Tammany Parish Jail before he received due process of law. Specifically, plaintiff alleges that he was given a bond hearing on his charges on July 27, 2007, and that although a friend appeared to post his bond, it could not be executed, because he was suddenly charged with a number of additional offenses. Plaintiff alleges that he did not receive a bond hearing on the new charges until 25 days later, on August 21, 2007.

> Plaintiff contends that because of the 25-day delay in receiving due process, his employer, UPS . . . , terminated his employment for job abandonment. Plaintiff attached a number of letters to his complaint outlining the termination process. On August 2, 2007, UPS sent plaintiff a letter requesting that he return to work within 48 hours. A few days later, on August 8, 2007, UPS sent plaintiff a letter informing him that he was terminated pursuant to a provision of the collective bargaining agreement between UPS and the . . . Teamsters . . . permitting termination for just cause. On September 27, 2007, the Southern Region Area Parcel Grievance Committee sent plaintiff a letter informing him of its decision to sustain UPS's termination of plaintiff's employment.

Rec. doc. 28 at 2-3.

On September 11, 2008, Nelson filed a complaint in proper person in federal court in Baton Rouge against Officer Emmanuel Smith, St. Tammany Parish Courts, the St. Tammany Parish Sheriff's office and UPS. Nelson referred to claims based on due process of law, wrongful termination and conflict of interest. There were no allegations against the Teamsters. Rec. doc. 1. On November 28, 2009, Nelson added the Teamsters as a defendant and alleged that: (a) Local 270 represented him at a hearing which resulted in his termination; and (b) it was vital to include the Teamsters as defendants. Rec. doc. 9. On Nelson's motion, St. Tammany Parish Courts was dismissed without prejudice. Rec. doc. 45. Officer Smith and St. Tammany Parish Sheriff's Office answered. Rec. doc. 19. UPS's motion to dismiss was granted. Rec. doc. 28.

## ST. TAMMANY PARISH SHERIFF'S OFFICE

In Cozzo v. Tangipahoa Parish Council, 279 F.3d 273 (5th Cir. 2002), the Fifth Circuit stated that, "although a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit. See also Smith v. St. Tammany Parish Sheriff's Office, 2008 WL 347801 (E.D.La.)(Beer, J.), where the claim of a *pro se* plaintiff against the St. Tammany Parish Sheriff's Office was dismissed with prejudice as a sheriff's office was not a legal entity capable of being sued.

Id. at *2. Based on these authorities, the St. Tammany Parish Sheriff's Office urges that it should be dismissed. Rec. doc. 42.

Nelson responds that: (a) the St. Tammany Parish Sheriff's Office seeks dismissal based on a technicality; and (b) Sheriff Rodney Strain has actual notice of the complaint because the summons was served at the Sheriff's Office. Rec. docs. 12 and 48. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). In Smith v. St. Tammany Parish Sheriff's Office the plaintiffs was proceeding *pro se*, and his claim against the Sheriff's Office was dismissed. 2008 WL 347801 at *2. The circumstances are no different for Nelson's claim. It will be recommended that the motion of the St. Tammany Parish Sheriff's Office be granted and that it be dismissed with prejudice for failing to state a claim upon which relief may be granted.

## **DISMISSAL OF UPS**

The District Judge construed Nelson's claim as arising under section 301 of the Labor Management Relations Act, 29 U.S.C. 185. Rec. doc. 28 at 4. His claim turned on whether his discharge was proper under article 52 of the Labor Agreement. He argued that article 52 did not apply to him. Since his claim required interpretation of the Labor Agreement, it was governed by section 301. Id. at 5. The District Judge also construed Nelson's "complaint as alleging a claim against his union for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act." Id. at 5 (emphasis added). It was noted that before an employer can be sued for breach of a collective bargaining agreement, he must exhaust all grievance remedies if they are exclusive and final. Id. at 6. The employee is bound by the result "unless he can show that the union breached its duty of fair representation." Id. at 6. In these circumstances,

the fair representation claim against the union was vital to the maintenance of a section 301 action. Because Nelson sued UPS for a breach of the collective bargaining agreement and Teamsters for breaching its duty of fair representation, the District Judge held that Nelson had brought a hybrid section 301/duty of fair representation action. Id. at 7 (quotation marks omitted).

The District Judge noted that, "[h]ybrid claims are subject to a six-month statute of limitations." Id. at 7. Nelson admitted that his termination occurred on September 27, 2007. He did not file his lawsuit until September 11, 2008. The District Judge held that:

> The six-month statute of limitations period had long since passed. Accordingly, plaintiff's duty of fair representation claim must be dismissed. Because a violation of the duty of fair representation is an "indispensable predicate" to a section 301 action against an employer, plaintiff's section 301 claim against UPS must be dismissed as well.

Id. at 8-9. The District Judge also held that: (1) Nelson failed to state a due process claim against UPS as there was no evidence that it was a state actor; and (2) he had no claim against UPS under 42 U.S.C. § 1983 because he did not allege that UPS deprived him of his rights under color of state law. Id. at 10. UPS' motion to dismiss was granted, and Nelson's claims against UPS were dismissed with prejudice. Id. at 10.

### **TEAMSTERS**

A return on the service and summons on the Teamsters was filed by the U.S. Marshal. It indicates that Nelson requested that service be made at 201 Elysian Fields, New Orleans, Louisiana 70117 on David Negrotto, Sr., the president of the Teamsters. The return reflects service was made on March 9, 2009 on Regina Petitfils, a secretary and accountant. Rec. doc. 26. On May 27, 2009, the case came before the District Judge on the call docket. It was passed so that all defendants could be served and responsive pleadings filed. Rec. doc. 34. On May 26, 2009, Nelson filed a motion

4

for entry of default. Nelson's certificate reports that "[a] copy will be served to all parties." Rec. doc. 35.

On June 19, 2009, Nelson filed a motion for default judgment. The certificate reports that "all counsel of record" were served by mail. Rec. doc. 36 at 2. It does not indicate that a copy of the motion was mailed to the Teamsters.

Nelson reports that: (1) the Teamsters received the summons and default motion; (2) it misrepresented him in his case against UPS; (3) it breached its duty of fair representation; (4) it made no effort to address his claims; and (5) his efforts to resolve the dispute out of court were not successful. He reports damages of $2.4 million including: (1) wages of $31 per hour for 40 hours a week for twenty-five years until retirement; (2) $300 per month for health insurance; (3) stock options; (4) interest; and (5) punitive damages. Rec. doc. 36.[1]

Pursuant to Fed. R. Civ. P. 55(a),

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Id. When a court considers a motion for default judgment, it may consider wether it would later be obliged to set aside the default on defendant's motion. 10A Wright, Miller and Kane, Federal Practice and Procedure ("Wright and Miller") §2685 (1998). Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under

---

[1] In Lee v. United Parcel Service, 2004 WL 385059 (E.D.La.) (Engelhardt, J.), the plaintiff contested his discharge under a collective bargaining unit. The defendants' motions for summary judgment were granted. In addition to naming UPS, the plaintiff named General Truck Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 270. Nelson identified the defendant as International Brotherhood of Teamsters Union. The allegations in his amended complaint refer to Local 270. Nelson may not have named the proper defendant.

5

Rule 60(b)." Id.  A default judgment will be set aside where there is a meritorious defense.  Wright and Miller, § 2697.

The District Judge determined that Nelson brought a hybrid section 301/duty of fair representation action against the Teamsters for breaching its duty of fair representation.  Rec. doc. 28 at p. 7.  In DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 2285 (1983), the Supreme Court held that the six-month statute of limitations applies to hybrid actions.  For the same reasons cited by the District Judge on the motion of UPS to dismiss, Nelson's hybrid action against the Teamsters is prescribed.

For the same reasons cited by the District Judge regarding UPS, Nelson fails to state a due process claim or a Section 1983 claim against the Teamsters.

Because the Teamsters possess meritorious defenses to Nelson's claims, the request for a default judgment must be denied.  Further, it will be recommended that Nelson's claims against the Teamsters be dismissed with prejudice.

## OFFICER SMITH

Nelson's remaining claim is against Officer Smith.  Nelson reports that on July 25, 2007, he was "arrested on some very serious charges in St. Tammany Parish."  Rec. doc. 1 at 2.  Attached to Nelson's complaint is a letter, dated April 8, 2008, from a social worker to UPS. The letter reports that the charges arose out of Nelson's entry into Gretchen Camp's residence.  It acknowledges that he did not ask permission of Ms. Camp to enter the house, but he did so in an attempt to retrieve personal belongings.  Rec. doc. 1 (Attachment).  Nelson identified Ms. Camp as his ex-friend.  Rec. doc. 1 at 3.  The incident occurred on Wednesday, July 25, 2007.[2]

---

[2] See Appearance Bond Receipt for Bond No. 360410.  Rec. doc. 1(Attachment).

On Friday, July 27, 2007, there was a proceeding in 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, in the matter of "State of Louisiana v. Kevin James Nelson", 72-42543. The entry for the proceeding states:

> The defendant being present and this matter came on before the Court for seventy-two hour hearing to determine bond and counsel. The defendant being charged with AGGRAVATED BURGLARY. Court held the bond to be adequate as previously been set in the amount of $50,000. cash, property or surety.

Rec. doc. 1(Attachment)(emphasis in original).

On Tuesday, August 21, 2007, there was a second proceeding in state court in St. Tammany Parish. It refers to two cases against Nelson: 72-42543 and 72-42836. The first is for the aggravated burglary charge identified on the entry of July 27, 2007. The second is for harassing phone calls. The entry for August 21, 2007 states:

> The defendant being present and this matter came on before the Court for seventy-two hour hearing to determine bond and counsel. The defendant being charged with HARASSING PHONE CALLS, Court bond in the amount of $1000. signature bond. Further, the defendant being charged with AGGRAVATED BATTERY and a charge of aggravated battery under #72-42543, Court ordered bond set in the amount of $50,000. signature bond as to both charges.

Rec. doc. 1(Attachment)(emphasis in original).

On August 21, 2007, two appearance bond receipts were issued. Bond No. 0360410 was for the aggravated burglary charge; and Bond No. 0360411 was for the telephone communications-improper language charge. Nelson and Betty Jackson signed both bonds. Rec. doc. 1(Attachments).

The April 8, 2008 letter from the social worker reports that Nelson pled guilty to the offense of unlawful entry. Rec. doc. 1(Attachment).

The Middle District of Louisiana granted Nelson's application to proceed *in forma pauperis*. Rec. doc. 1 (Attachment, dated September 15, 2008). An *in forma pauperis* complaint may be

7

dismissed if it is determined that the action fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). It is necessary to consider not only the complaint, but its attachments and any subsequently filed documents. Clark v. Huntleigh Corp., 119 Fed. Appx. 666, 668 (5th Cir. 2005).

Nelson contends that he was denied a bond hearing for some charges and held for twenty-five days. The record demonstrates that on July 27, 2007, he was given the seventy-two hour bond hearing on one charge, aggravated burglary, and a cash, property or surety bond was set at $50,000. Nelson alleges that on August 21, 2007, Commissioner Gleason "corrected the mistake or actions by others by reducing my bond from cash or property bond to a hundred dollar signature bond." Rec. doc. 1 at 2. He alleges efforts to post a bond and a suggestion by Commissioner Gleason that he attempt to have Ms. Camp have the charges reduced or dropped. Nelson is contending that the July 27, 2009 requirement that he post a $50,000 bond in cash, property or surety was incorrect. The person who set this bond was Commissioner Gleason. There is no evidence in these allegations or in the attachments to the complaint of any involvement by the arresting officer, Officer Smith, in the setting of the bond.

Nelson describes other events which he believes are pertinent.

1. Officer Smith told him that he would not be working for UPS during his arrest.

2. The police report contained misleading statements.

3. Officers told Ms. Camp that he would be in jail for a year.

4. Officer Smith had a personal relationship with one of the witnesses, Marion Johnson.

5. Joseph Obec in the office of the District Attorney told Ms. Camp in response to a request to have the charges reduced or dropped that if Nelson did not plead guilty he would do jail time.

6. His personal cell phone was removed from his car and given to Ms. Camp "which fueled the fire Big Time."

7. Officer Smith called him on July 11, 2007 (two weeks before the entry into Ms. Camp's residence) and gave him instructions, but there is no record of this in the police report.

8. Inmate grievance forms were completed, but no action was taken.

9. Although Nelson spoke to "Internal Affairs" about a complaint, he was told to go the District Attorney's office.

10. Although he spoke with a secretary at the District Attorney's office, he never received a response.

Rec. doc. 1 at 3-4.

The allegations (nos. 5, 8, 9 and 10) concerning the District Attorney's office, the Department of Internal Affairs within the Sheriff Strain's office and the response to inmate grievance forms at the parish jail have no connection with Officer Smith.

There are three allegations (nos. 1, 4 and 7) which make specific reference to Officer Smith. Nelson alleges that: (a) Smith told him he would not work for UPS during his arrest (no. 1); (b) Smith had a personal relationship with a witness (no. 4); and (c) Smith called Nelson two weeks

9

before the unlawful entry into Ms. Camp's residence (no. 7). Nelson alleges that his due process rights were violated by Officer Smith. The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." The allegations that Officer Smith had a relationship with a witness to the charges brought by Ms. Camp or that he called Nelson two weeks before the incident do not demonstrate that Nelson was deprived of his liberty without due process of law. At most they can be construed as raising an issue concerning the validity of his arrest and subsequent conviction for illegal entry. There is no evidence that the conviction was reversed, expunged, invalidated or called into question. Pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), any claims by Nelson for the absence of probable cause to arrest him must be dismissed as they call into question the validity of his state court conviction.

The remaining allegations (nos. 2, 3 and 6) do not directly identify Officer Smith. Because all reasonable inferences must be drawn in favor Nelson, it is assumed that Officer Smith was directly involved in these allegations. Accordingly, Nelson alleges that: (a) Smith prepared a police report containing misleading statements (no. 2); (b) Smith and other officers told Ms. Camp that Nelson would be in jail for a year (no. 3); and (c) Smith removed Nelson's cell phone from his car and gave it to Ms. Camp which fueled the controversy (no. 6). Because of Heck, Nelson is unable to use the allegation of misstatements in the police report to raise an issue about his arrest or conviction. Nelson remained in custody beyond the first seventy-two hour hearing on July 27, 2007 because Commissioner Gleason required a cash, property or surety bond in the amount of $50,000. Nelson was without funds to satisfy such bond, and he acknowledges that he could not engage anyone else to procure such a bond. The allegations concerning misstatements in the police report

10

and the statements by Smith and other officers concerning the duration of a sentence for aggravated burglary do not demonstrate that he was deprived of his liberty without due process of law.

Nelson alleges that Officer Smith gave Ms. Camp his cell phone. It can be inferred from this allegation that information on the phone increased Ms. Camp's hostility toward Nelson and she became uncooperative. This is not consistent with Nelson's other allegations. He alleges that: (a) Commissioner Gleason suggested that he contact Ms. Camp to have the charges reduced or possibly dropped; and (b) after Ms. Camp sought to do this, she was told by the District Attorney's office that if he did not take a plea, he would do jail time. The allegations do not demonstrate a connection between the delivery of the cell phone to Ms. Camp and the District Attorney's insistence on jail time.

Nelson was incarcerated from July 25, 2007 through August 21, 2007, because he could not post a cash, property or surety bond for $50,000.00. The bond was set by Commissioner Gleason in open court on July 25, 2007. Nelson presents allegations concerning Officer Smith from which it can be inferred that Nelson contends that Officer Smith had it in for him. Even if Officer Smith harbored animosity toward Nelson, it does not follow that this caused Commissioner Gleason to set a cash, property or surety bond of $50,000.00 instead of a signature bond.

Nelson's allegations fail to state a claim against Officer Smith for deprivation of his liberty without due process of law. He fails to state a claim against Officer Smith under the Fourteenth Amendment and 42 U.S.C. § 1983. It will be recommended that Nelson's claims against Officer Smith be dismissed with prejudice.

## RECOMMENDATION

IT IS RECOMMENDED that:

11

1.  The motion of the St. Tammany Parish Sheriff's Office to dismiss (Rec. doc. 42) be GRANTED and that Nelson's claim against the St. Tammany Parish Sheriff's Office be dismissed with prejudice.

2.  Nelson's motions for entry of default and for default judgment (Rec. docs. 35 and 36) be DENIED.

3.  Nelson's claims against the Teamsters and Officer Smith be dismissed with prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of December, 2009.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**